**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Allan Lewis

   v.                                                              Civil No. 10-cv-231-PB

New Hampshire Judicial Branch

**REPORT AND RECOMMENDATION**

    Before the Court is pro se plaintiff Allan Lewis's complaint, construed to consist of his original complaint and the amendments thereto (doc. nos. 1, 5, and 6). In claims reminiscent of those asserted unsuccessfully in four cases filed here by Lewis in the last four years, plaintiff has alleged that defendant, the New Hampshire Judicial Branch, has violated his federal constitutional rights by depriving him of a civil jury trial in Strafford County Superior Court, in a 2004 action, Lewis v. Harvey Indus., No. 04-C-143 (N.H. Super. Ct. Strafford Cnty.) ("SCSC Case"). Because Lewis is proceeding pro se and in forma pauperis in this Court, the matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1) (authorizing Magistrate Judge to conduct preliminary review to determine whether action may proceed); see also 28 U.S.C. § 1915(a)(1).

Standard of Review

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

## Background

On May 2, 2005, Strafford County Superior Court ("SCSC") Judge Bruce Mohl issued an order in the SCSC Case, setting July 18, 2005, as the date for a jury trial.  On July 18, 2005, Lewis appeared for trial.  After defense counsel waived the right to a jury trial, the court (Fauver, SCSC J.) held a bench trial and ruled for defendants ("Harvey Industries") on the merits.

Lewis filed a notice of appeal in the New Hampshire Supreme Court ("NHSC") thereafter, claiming, among other things, that he

had been deprived of his right to a jury trial.  Rejecting Lewis' arguments, the NHSC affirmed.  See Lewis v. Harvey Indus., No. 2005-0733, slip op. at 1 (N.H. July 26, 2006).

Persistent in believing that he suffered legally cognizable injury when the Superior Court held a bench trial, not a jury trial, Lewis filed actions in this court and the state courts to obtain a new trial by jury on his claims against Harvey Industries.  Lewis's state court litigation yielded no success, and led to restrictions on his ability to file further actions in state court.  On January 8, 2010, the NHSC, citing Lewis's repetitive filings, concluded that Lewis should be treated as a restricted filer, subject to constraints on his ability to file new cases relating to the SCSC Case.  See In re Lewis, No. 2009-0783 (N.H. Jan. 8, 2010), slip op. at 1 ("In light of the number of cases the petitioner has filed regarding this matter, the court concurs with the trial court that suitable restrictions are warranted.  Such restrictions may include requiring the petitioner to obtain permission from the court before submitting further pro se filings directly or indirectly related to his 2004 action against Harvey Industries. . . .").  Undeterred by these rulings, Lewis made further efforts to assert claims in state court, but to no avail.  On September 2, 2010, Superior Court Judge Kenneth Brown directed the court clerk to reject and

return a complaint Lewis had attempted to file.  On September 28, 2010, the NHSC declined to accept Lewis's petition asserting similar claims.  See Plf's Second Am. Compl. (doc. no. 6) at 19 and 21.

Lewis doggedly pursued similar claims in federal court without success.  He has filed a number of related federal cases in this court, including four filed in the last four years naming the New Hampshire Judicial Branch as a defendant.  In the first such action, Lewis v. N.H. Jud. Branch, No. 06-cv-395-PB ("Lewis I") (D.N.H. Dec. 20, 2006), aff'd, No. 07-1397 (1st Cir. Sept. 20, 2007), Lewis sued the NHSC Justices, the New Hampshire Judicial Branch, and Judge Peter Fauver.  This court granted the defendants' motion to dismiss on the ground that such claims were barred by the Rooker-Feldman doctrine.  The First Circuit affirmed the dismissal.  Lewis's next three federal cases named as defendants various combinations of the attorneys and judges involved in his action against Harvey Industries, including Judge Fauver, Attorney Ewing, his law firm (Desmarais, Ewing, & Johnston, PLLC), Judge Brown, and the New Hampshire Judicial Branch.  Those cases were dismissed before service for reasons including the statute of limitations, the defendants' immunity, res judicata, and failure to state a federal claim against the private attorneys.  See, e.g., Lewis v. N.H. Jud. Branch, No.

5

09-cv-002-JL ("Lewis II") (D.N.H. Apr. 7, 2009) (dismissing claims as time-barred), aff'd, No. 09-1655 (1st Cir. Sept. 18, 2009); Lewis v. N.H. Jud. Branch, No. 09-cv-307-SM ("Lewis III") (D.N.H. Feb. 3, 2010) (dismissing case for reasons including Eleventh Amendment immunity, res judicata, judicial immunity, and failure to state a claim against private attorneys), aff'd, No. 10-1142 (1st Cir. July 19, 2010); Lewis v. N.H. Jud. Branch, No. 09-cv-422-PB ("Lewis IV") (D.N.H. Jan. 4, 2010) (same reasons, same result), aff'd, No. 10-1142 (1st Cir. July 19, 2010).

Just as Lewis was warned in the state court that his future filings could be restricted, he has been notified of the risk of such sanctions here.  In recommending dismissal of Lewis IV for the reasons cited in Lewis III, this Court (Muirhead, M.J.) specifically cautioned plaintiff that vexatious litigation is sanctionable, and that the Court would not await a flood of frivolous actions before taking appropriate action.  See Lewis IV, Report and Recommendation (doc. no. 4), slip op. at 6 (D.N.H. Dec. 16, 2009); see also Lewis IV, Order (doc. no. 7) (D.N.H. Jan. 4, 2010) (approving Report and Recommendation (doc. no. 4)), aff'd No. 10-1142 (1st Cir. July 19, 2010).

In this, his fifth federal action against the same defendant, Lewis's claims resound a familiar theme.[1]  Citing 42 U.S.C. § 1983, the Seventh Amendment, and the Fourteenth Amendment Due Process Clause, Lewis has asserted that the New Hampshire Judicial Branch violated his right to a jury trial and engaged in fraud by holding a bench trial on his claims against Harvey Industries, and by affirming and not vacating and ordering a new trial on his claims against Harvey Industries.  Lewis seeks an order directing defendant to hold a jury trial on his underlying claims, or to pay him $1.5 million.

## Discussion

A.   Dismissal of Claims

For reasons stated in opinions issued in Lewis's fundamentally indistinguishable prior federal cases, Lewis's claims in this case should be dismissed.  See, e.g., Lewis I, No. 07-1397 (1st Cir. Sept. 20, 2007) ("Essentially, the appellant has attempted to obtain review of a state court [judgment] in federal district court.  Federal district courts have no power to review state court judgments." citing Rooker-

---

[1] The claims, as identified herein, will be considered to be the claims raised in the complaint for all purposes.  If Lewis disagrees with the identification of the claims herein, he must do so by properly objecting to this Report and Recommendation or properly filing a motion to amend his complaint.

Feldman doctrine); see also Lewis II, No. 09-1655 (1st Cir. Sept. 18, 2009); Lewis III, No. 09-cv-307-SM (D.N.H. Feb. 3, 2010) (dismissing complaint for reasons including Eleventh Amendment immunity, res judicata, and judicial immunity), aff'd, No. 10-1142 (1st Cir. July 19, 2010).

B.   Future Claims Relating to SCSC Case

"Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants."  Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993).  This power encompasses the ability to enjoin a pro se party from filing frivolous and vexatious pleadings.  See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005).  Where a litigant has demonstrated a "propensity to file repeated suits . . . involving the same or similar claims" of a "frivolous or vexatious nature," a bar on further filings is appropriate.  Castro v. United States, 775 F.2d 399, 409 (1st Cir. 1985) (per curiam), abrogated on other grounds by Stevens v. Dep't of Treasury, 500 U.S. 1 (1991).  An injunction on the ability to file lawsuits should be tailored to the specific circumstances presented, particularly when issued against a pro se plaintiff.  Cok, 985 F.2d at 34-35.  A filing ban should occur only where clearly indicated by the record in a particular case, including, for example, a history of repetitive

frivolous filings, and only after the plaintiff has been warned that filing restrictions are contemplated.  Id. at 35.

This Court is mindful of the severity of broadly enjoining a pro se plaintiff from filing future actions.  See Castro, 775 F.2d at 410 ("[I]f an injunction against future litigation were couched in overly broad terms, this could impermissibly infringe upon a litigator's right of access to the courts").  However, Lewis's filings relating to his action against Harvey Industries have been repetitive, vexatious, and unduly burdensome to federal judicial resources.  This Court and the First Circuit have issued multiple decisions plainly informing Lewis that his claims against judges and private attorneys relating to the SCSC Case are not cognizable in this court.  Despite this court's warning to Lewis of the risk of sanctions for filing frivolous or vexatious litigation six months before, Lewis stayed the course and filed the complaint in this action.  Lewis's repetitive and vexatious filings, in the face of decisive rulings on the insufficiency of his claims and warnings regarding the consequences of further vexatious filings, demonstrate the likelihood that Lewis would continue to file similar claims against one or more of the parties he has sued previously, without the imposition of a filing restriction in this court.  Accordingly, this Court finds that it must

9

specifically enjoin such filings, employing the identity of the defendants and the general subject matter of the SCSC case and related state court litigation, as a narrowly tailored, functional screen against vexatious litigation. I recommend that the following injunction issue against plaintiff, Allan Lewis:

> Allan Lewis is permanently enjoined and restrained from commencing or litigating -- without prior leave of the court -- any action against Attorney Scott A. Ewing; the law firm of Desmarais, Ewing, & Johnston, PLLC, or its agents; the New Hampshire Judicial Branch; Judge Peter Fauver; Judge Kenneth Brown; or any current or former judge, justice, or judicial agency of the State of New Hampshire, involving matters relating to Lewis v. Harvey Indus., No. 04-C-143 (N.H. Super. Ct. Strafford Cnty.), including supplemental litigation, appeals, or petitions filed by Lewis which relate to that 2004 action.
>
> Allan Lewis may seek leave of court to file a complaint against such defendants, only by filing the complaint, together with an affidavit certifying that the claims are novel, have not previously been raised before this Court, and do not relate to Lewis v. Harvey Indus., No. 04-C-143 (N.H. Super. Ct. Strafford Cnty.), or Lewis's supplemental state court litigation, appeals, or petitions concerning that 2004 action.
>
> Allan Lewis will be required to pay the filing fee or file an in forma pauperis application at the time of filing.
>
> Any filing presented to the Clerk's Office by Allan Lewis naming as a defendant Attorney Scott A. Ewing; Desmarais, Ewing, & Johnston, PLLC, or its agents; the New Hampshire Judicial Branch; Judge Peter Fauver; Judge Kenneth Brown; or any other current or former judge, justice, or judicial agency of the State of New

>   Hampshire, shall be put into a master miscellaneous file and presented to a magistrate judge or district judge for review.  The judge shall determine whether the filing complies with the terms of the injunction, and issue a report and recommendation or an order accordingly.  If the filing violates the injunction, the court will reject the filing and return the filing fee.
>
>   This injunction does not prevent Lewis from pursuing any meritorious claims which have arisen or may arise in the future, and that are appropriately brought in this Court.  Rather, it is intended to prevent Lewis from instituting any further actions without first satisfying a magistrate or district judge that his complaint does not repeat claims related to or arising out of Lewis v. Harvey Indus., No. 04-C-143 (N.H. Super. Ct. Strafford Cnty.), or any supplemental state court litigation, appeals, or petitions filed by Lewis concerning that 2004 action.

## Conclusion

For the reasons stated herein, I recommend that the complaint (doc. nos. 1, 5, and 6) be dismissed.  I further recommend issuance of the injunction specified in this Report and Recommendation, restricting Lewis's ability to file or litigate certain claims in the future.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d

554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   November 23, 2010

cc:   Allan Lewis, pro se

LBM:nmd