UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Allan Lewis

    v.                                                        Case No. 10-mc-94-PB

New Hampshire Judicial Branch,
Harvey Industries, et al.

**REPORT AND RECOMMENDATION**

Before the Court is pro se plaintiff Allan Lewis's "Motion for a Hearing before this Honorable Court to Have the [Permanent] Injunction Placed on Him by this Honorable Court Removed" (Doc. No. 29). The motion seeks to lift the injunction that placed a permanent filing restriction on Lewis on December 6, 2010, in Lewis v. N.H. Jud. Branch, No. 10-cv-231-PB (D.N.H.), which is part of the record here. See Dec. 6, 2010 Order (Doc. No. 1-1) (approving Nov. 23, 2010 R&R (Doc. No. 1)). The First Circuit affirmed that permanent filing restriction, finding it to be appropriately issued and properly tailored. See Lewis v. N.H. Jud. Branch, No. 11-1028 (1st Cir. Mar. 21, 2011).

The filing restriction limits Lewis's ability to file claims against a list of defendants, including the "New Hampshire Judicial Branch," named in the caption of Lewis's motion, see Doc. No. 29, unless Lewis first seeks leave of

court.  To seek leave, Lewis must file a motion with a copy of the proposed complaint, and an affidavit certifying that his claims are "novel," that they have not previously been raised in his federal cases, and that they do not relate to Lewis v. Harvey Indus., No. 04-C-143 (N.H. Super. Ct., Strafford Cty.), or other state court matters concerning that case.

Lewis argues here that the filing restriction must be lifted so he can file or reopen federal cases against defendants regarding whether his rights were violated when the state court held a bench trial in Harvey Indus., in lieu of a jury trial. Lewis asserts here that his claims are not time-barred, and that the state court record provides all the evidence he needs to prove his claims.

Lewis's reasons for lifting the injunction are not compelling.  Lewis's practice of seeking to relitigate federal cases asserting similar issues in the face of multiple adverse decisions, based on res judicata, the statute of limitations, Eleventh Amendment immunity, judicial immunity, and the Rooker-Feldman doctrine, is the central reason why this court found such litigation to be vexatious and issued the filing restriction Lewis now seeks to lift.  See generally Nov. 23, 2010 R&R (Doc. No. 1), R&R approved by Dec. 6, 2010 Order (Doc. No. 1-1), aff'd, sub nom. Lewis v. N.H. Jud. Branch, No. 11-1028 (1st Cir. Mar. 21, 2011).

Lewis has offered no grounds upon which to base a reasoned decision to lift that injunction. Therefore, the motion for a hearing and to lift the permanent filing restriction (Doc. No. 29) should be denied.

## Conclusion

For the foregoing reasons, the motion for a hearing, seeking to lift the permanent filing restriction (Doc. No. 29), should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2); LR 7.2(d). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 19, 2019

cc: Allan Lewis, pro se

3